**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                Criminal No. 12-cr-036-01-JD

Anthony Kay

**ORDER OF DETENTION PENDING TRIAL**

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on April 19, 2012, for the purpose of determining whether to detain the defendant. For the following reasons, and for the reasons more fully stated on the record, the defendant shall be detained pending trial.

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2)]." United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988). In this case, the government invoked § 3142(f)(1)(C), which permits the government to request detention when the charges involve a drug offense with a maximum sentence of ten (10) or more years.

The defendant is charged by indictment with three (3) counts of Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1). Thus, as these charges satisfy the parameters of § 3142(f)(1)(C), the detention hearing was appropriately requested.

Pursuant to Section 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness"). 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will

reasonably assure (1) the defendant's presence at trial ("risk of flight"), United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988), or (2) the safety of another or the community ("dangerousness"). Patriarca, 948 F.2d at 793. For its part, the government is required to offer a preponderance of the evidence to prove risk of flight and clear and convincing evidence to establish dangerousness. See Patriarca, 948 F.2d at 792-93.

In specific instances delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e)(3)(A). Once invoked, the defendant need only produce "some evidence" to rebut this presumption. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). "When a defendant produces such evidence, however, the presumption does not

disappear.  The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." <u>Dillon</u>, 938 at 1416.

In the instant case, the indictment itself establishes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten (10) years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 <u>et seq.</u>  <u>See</u> <u>United States v. Dillon</u>, 938 F.2d 1412, 1417 (1st Cir. 1991).  Thus, the rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . . ," as set forth in Section 3142(e), is triggered in this case.  <u>See</u> 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); <u>see also</u> <u>United States v. Vargas</u>, 804 F.2d 157, 162-63 (1st Cir. 1986).

For the reasons stated below, and after considering the factors set forth in 18 U.S.C. § 3142(g), the court finds that when aided by the presumption, the government has satisfied its burden to establish that no condition or combination of conditions will reasonably assure the safety of the community.

Specifically, the "nature and circumstances of the offense charged" is a "controlled drug" offense. Given the government's representation that the offenses in question are captured on both audio and video, the weight of the evidence appears to be substantial. As to his "history of drug or alcohol abuse," the bail report reflects the defendant's admission that he was addicted to cocaine for at least two decades, that he continued using cocaine until his most recent incarceration, and that he has previously participated in substance abuse treatment in the late 1990s. The primary factor supporting the court's finding of dangerousness, however, is the defendant's "criminal history."

The defendant, who is fourty-four (44) years old, has amassed a substantial criminal record spanning back to his late teens and has spent considerable time incarcerated (including two (2) separate sentences to the New Hampshire State Prison and multiple sentences to county houses of corrections). Those offenses include numerous assaults, resisting arrest, criminal threatening, disorderly conduct and possession of narcotic drugs. Significantly, the defendant has also been charged with failures to appear and multiple violations of state probation and parole.

A pattern emerges from an examination of the defendant's criminal record--it appears that shortly after the defendant's release from incarceration, he immediately engages in new criminal enterprises.

In response, the defendant argues that his criminal record does not reflect a lifelong pursuit of criminality.  Instead, the defendant argues that his record primarily consists of less serious offenses and that he lived offense free from 1996 until he was charged with criminal non-support in January of 2008, thus establishing he can abide by conditions of release.  The defendant's pre-1996 record, which consists of at least ten (10) convictions on multiple offenses, at a minimum reflects an inability to abide by the rule of law.  A review of the defendant's criminal record since 1996, however, also does not support his argument that he lived an offense free private life from 1996 until 2008 and, in any event, a bail analysis is not so limited.

On October 7, 1996, the defendant was charged with the offense of Possession of a Narcotic Drug in Hillsborough Superior Court.  Apparently during the pendency of that charge, the

defendant was charged with a violation of probation/parole on October 23, 1996, to which he pled chargeable and received a six (6) month house of corrections sentence on December 17, 1996. Additionally, while the Possession of a Narcotic Drug charge was pending and the defendant was presumably on bail, he was charged in state district court with a second offense of Possession of a Narcotic Drug on August 3, 1997 (disposition unknown in police report). While it was not established whether the defendant was otherwise detained pretrial during the pendency of the Hillsborough Superior Possession of a Narcotic Drug charge, he was ultimately sentenced to one and a half (1½) to three (3) years at the New Hampshire State Prison on March 30, 1998.

Again, while the record does not make clear when the defendant was released from the New Hampshire State Prison on his 1998 sentence, presumably that occurred somewhere between late 1999 and 2001. In any event, he was next charged for criminal non-support in Hillsborough Superior Court in 2006, for which he received a deferred sentence of two (2) to five (5) years at the New Hampshire State Prison on January 9, 2008. Despite being under a deferred state prison sentence, on August 9, 2008, the

defendant was charged in Manchester District Court with false imprisonment, criminal threatening, simple assault, and resisting arrest/detention.  On October 29, 2008, presumably while on bail on the Manchester District Court charges and while on parole, the defendant was arrested for breach of bail conditions and stalking, the latter of which was nol prossed two (2) days later.

On December 1, 2009, and for reasons not fully explained at the hearing, the defendant was sentenced to three and a half (3½) to seven (7) years at the New Hampshire State Prison for a violation of probation/parole.  Apparently while detained at the New Hampshire State Prison, the defendant then pled guilty to the pending charges in Manchester District Court (false imprisonment, criminal threatening, simple assault, and resisting arrest/detention) and received a deferred sentence of twelve (12) months in the Hillsborough House of Corrections.  He was paroled from state prison, and placed on electronic monitoring (among other parole conditions), on December 16, 2010.

Despite being on parole with electronic monitoring and having the potential of deferred sentences and further state prison time for violations of parole facing him, the defendant is alleged to have committed the drug offenses charged in this case

less than four (4) months from his release from state prison. Additionally, he admitted to using cocaine while on parole, which resulted in a final violation of probation/parole sentence to additional state prison time on May 18, 2011. He remained incarcerated in state prison until released into federal custody on a detainer on April 19, 2012.

On these facts, the defendant's argument that his conduct post-1996 demonstrates that he can abide by conditions rings hallow (additionally it appears he has spent a significant portion of his post-1996 life incarcerated). Similarly unpersuasive is the argument that the strict conditions of the defendant's parole terms, when combined with pretrial supervision in this court, can reasonably assure his compliance with terms of release and the safety of the community. The defendant was on very strict release conditions, including electronic monitoring, and was facing the potential of significant state prison time, when he both admittedly used cocaine and allegedly committed the offenses charged in this case within months of his release from state prison. Rather, what this record does reflect is a lifelong pattern of criminality, an inability to abide by bail or probation/parole terms even when facing very significant

consequences for non-compliance, and an inability for the judicial system to set terms to assure his compliance with conditions of release.

Based on this record, when combined with the fact that this is a presumption case, there is no question that the government has met its burden to establish by clear and convincing evidence that there are no conditions or combination of conditions the court can establish to reasonably assure the safety of the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch  
Daniel J. Lynch  
United States Magistrate Judge

Date:   April 20, 2012

cc:     Jennifer C. Davis, AUSA  
       Andrew M. Kennedy, Esq.  
       U.S. Marshal  
       U.S. Probation